UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-23978-KING

ERIC M. WINTER,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
CHUKKA CARIBBEAN ADVENTURES LTD.,
CHUKKA CARIBBEAN ADVENTURES (FALMOUTH) LIMITED, and
XYZ CORPORATIONS,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS CAUSE comes before the Court upon two motions to dismiss: one filed by Defendant Royal Caribbean (DE 9), and the other filed by the Chukka Defendants (DE 19). Plaintiff Winter was a passenger aboard the *Independence of the High Seas*. His Complaint arises out of personal injuries he allegedly suffered when hit by a tree branch on the way back to the vessel from a shore excursion. At issue is whether Winter has pled sufficient facts in support of his negligence claims against Defendants. Upon careful consideration, the Court concludes that he has not.

Winter's Complaint alleges five counts: (1) Negligence against Royal Caribbean; (2) Negligence against "the Excursion Entities"; (3) Apparent Agency or Agency by Estoppel against Royal Caribbean; (4) Joint Venture between Royal Caribbean and the Excursion Entities; and (5) Third-Party Beneficiary. Certain of Winter's claims do not appear to be independent causes of action, but theories of liability. The entirety of Winter's factual

allegations surrounding his alleged personal injuries consist of a single sentence: "On or about January 15, 2014, the Plaintiff suffered severe injuries when he was hit by a tree branch on the way back to the vessel after the excursion." DE 1, at 6 ¶ 19. Winter then alleges under various counts, in conclusory fashion, that Defendants caused or contributed to his injuries by way of a series of (alternatively phrased) acts and omissions.

Missing from the Complaint are any facts that would permit the Court to infer more than the mere possibility that Defendants' alleged acts and omissions somehow caused or contributed to Winter's injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct"). Under what circumstances was Winter hit with a tree branch *after* the excursion such that Defendants' liability for the resulting personal injuries appears plausible on the face of the Complaint? *See id.* at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant Royal Caribbean's Motion to Dismiss **(DE 9)** be, and the same is, hereby **GRANTED without prejudice** to Plaintiff to amend within 15 days of the date of this Order.

2. The Chukka Defendants' Motion to Dismiss **(DE 19)** be, and the same is, hereby **GRANTED without prejudice** to Plaintiff to amend within 15 days of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of March, 2015.

                                                              JAMES LAWRENCE KING
                                                              UNITED STATES DISTRICT JUDGE
                                                              SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record